UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AMANDA CULLEN,

Plaintiff,

v.

HALL AUTOMOTIVE, LLC,

Defendant.

Civil No. 2:21cv47

**ORDER**

Pending before the Court is Plaintiff Amanda Cullen's Second Motion to Compel Arbitration and Stay Proceedings. ECF No. 25. This matter comes before the undersigned based on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation granting the Motion. ECF No. 34. For the following reasons, the Motion (ECF No. 25) is **GRANTED** and the undersigned adopts the Report and Recommendation (ECF No. 34) in full. Plaintiff's Objections (ECF No. 35) are **OVERRULED**.

## I. BACKGROUND

Plaintiff Amanda Cullen ("Plaintiff" or "Ms. Cullen") filed a Complaint alleging violations of Family and Medical Leave Act ("FMLA") by her former employer, Defendant Hall Automotive, LLC ("Defendant" or "Hall Automotive"). ECF No. 1. Defendant filed its first Motion to Compel Arbitration and Stay Proceedings, ECF No. 10, and a Motion to Stay Discovery Pending Determination of that Motion to Stay. ECF No. 12. The motions were referred to the Magistrate Judge assigned to this case at the time. He granted the Motion to Stay Discovery and denied without prejudice

the Motion to Compel Arbitration pending limited discovery on the question. Order, ECF No. 20. The Parties conducted discovery on the arbitration question, after which Defendant refiled its Motion to Compel Arbitration and Stay Proceedings. ECF No. 25.

The Motion was referred to a new Magistrate Judge assigned to this case. That judge issued a Report and Recommendation ("R&R") granting the instant Motion. Report and Recommendation, ECF No. 34. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff filed an Objection to the R&R. ECF. No. 35. Defendant responded in support of adopting the R&R. ECF No. 36. This matter is fully briefed and ripe for resolution. The Court limits its review of relevant facts and legal authority to Plaintiff's Objections.

## II. STANDARD OF REVIEW

The question presented to this Court is under what standard should this Court review the Magistrate Judge's R&R. Plaintiff contends that the R&R should be reviewed *de novo* under Federal Rule of Civil Procedure 72(b). Mem. in Supp. of Obj. at 2, ECF No. 36; Plaintiff Reply at 2, ECF No. 40. Defendant opposes and argues that the R&R should be reviewed under a "clearly erroneous or . . . contrary to law" standard. Resp. in Opp'n at 2–3, ECF No. 39.

Federal Rule of Civil Procedure 72(a) allows a magistrate judge to decide non-dispositive motions. *See also* 28 U.S.C. § 636(b)(1)(A). Such a ruling can be a memorandum opinion and order as opposed to a report and recommendation to be reviewed by an Article III judge. If a party objects to any rulings made by a magistrate judge under this provision, such objections are reviewed under the clearly erroneous or

contrary to law standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Modification of a magistrate judge's order under this standard is "extremely difficult to justify." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593 (E.D. Va. 2014) (citation omitted). In contrast, a magistrate judge must issue a report and recommendation on dispositive motions as described in 28 U.S.C. § 636(b)(1)(B). These orders are reviewed *de novo* with respect to portions to which objection is made. 28 U.S.C. § 636(b)(1)(C). Thus, what standard of review is applied by a reviewing district judge turns on whether the underlying motion is dispositive.

The two appellate courts to address this issue—the First and Third Circuits—have determined that a motion to compel arbitration and stay proceedings is non-dispositive. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133–34 (3d Cir. 2014). In holding that a magistrate judge's ruling on a motion to stay pending arbitration is reviewed under the "clearly erroneous or contrary to law" standard, the First Circuit explained that a court's ruling on a motion to stay the case while arbitration is occurring "is not dispositive of either the case or any claim or defense within it." *PowerShare, Inc.*, 597 F.3d at 14. Although it may be an important ruling, it is "merely suspensory" and "the court still retains its authority to dissolve the stay . . . after the arbitration has run its course, to make orders with respect to the arbitral award." *Id.* (citing Fed. Arbitration Act, 9 U.S.C. § 9). "[T]here is no final exercise of Article III power at the time the court acts on the motion to stay." *Id.*

The Third Circuit relied on this reasoning in holding the same in an unpublished opinion. *Virgin Islands Water & Power Auth.*, 561 F. App'x at 134. Orders

granting motions to stay pending arbitration "merely suspend the litigation while orders denying it continue the litigation." *Id.* Importantly, federal courts have the final say even after arbitration. This is because they can "dissolve any stay or make any orders effectuating arbitration awards." *Id.*

A variety of district courts have adopted this reasoning and have determined that such a motion does not require a recommended ruling because it is not a dispositive motion. *E.g., Tige Boats, Inc. v. Interplastic Corp.*, No.1:15cv114, 2015 WL 9268423, at *3 (N.D. Tex. Dec. 21, 2015) (motion to compel arbitration and stay proceedings was non-dispositive and should be reviewed under clearly erroneous or contrary to law standard); *Adetomiwa v. College*, No. 15cv1413, 2015 WL 9500787, at *1 (D. Colo. Dec. 31, 2015); *Patton v. Johnson*, No. 17-259WES, 2018 WL 3655785, at *1 (D.R.I. Aug. 2, 2018) (adopting R&R denying motion to stay and compel arbitration reviewed under clearly erroneous standard) (citing *PowerShare, Inc.*, 597 F.3d at 14)); *Moore v. Chuck Stevens Auto., Inc.*, No. 1:12663KD-C, 2013 WL 627232, at *1 n.3 (S.D. Ala. Feb. 20, 2013) (explaining dispositive versus non-dispositive distinction and describing reasoning by various courts around country).

Plaintiff's arguments urging this Court to adopt a different standard of review are unconvincing. She argues that a motion to compel arbitration under the Federal Arbitration Act terminates the litigation and transfers the case to a different forum, and she urges this Court to view the Motion to Compel as analogous to a Motion for Summary Judgment. *See* Pl. Reply at 2–3, ECF No. 40. The case law Plaintiff relies on in promulgating this argument, however, does not address the unresolved nature of this question. Nor do those cases address the litany of courts, including appellate

courts, that have determined that the same motions are non-dispositive for this purpose. Upon consideration of these cases, the Court agrees with what it finds to be the weight of the relevant case law and holds, for the reasons outlined in *PowerShare, Inc.* and *Virgin Island Water & Power Authority*, that the instant motion is non-dispositive. Therefore, this Court will review the Magistrate Judge's R&R pursuant to the "clearly erroneous or . . . contrary to law" standard of review.[1] Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Harmon v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). The contrary to law standard is synonymous with *de novo* review as to questions of law. *Robinson v. Quicken Loans Inc.*, No. 3:12-0981, 2013 WL 1704839, at *3 (S.D.W. Va. Apr. 9, 2013) (citing *Powershare, Inc.*, 597 F.3d at 15)).

## III. OBJECTIONS

Plaintiff raises two substantive objections to the R&R. First, she re-asserts her argument from the briefing opposing the Motion to Compel that Hall Automotive was not an implied signatory to the arbitration agreement. Mem. in Supp. of Obj. at 4–6, ECF No. 36. Second, she argues that there was no mutual assent in the agreement as to the identity of her employer. *Id.* at 7–10. These arguments are addressed in turn below.

---

[1] Nevertheless, the Court finds that it would reach the same conclusion under the *de novo* review standard.

Contrary to Plaintiff's argument, Hall Automotive was a signatory to the arbitration agreement. Plaintiff contends that the Magistrate Judge erred in his analysis because "there is no evidence to support that [Ms. Cullen] *subjectively* understood herself to be contracting with her employer," and no extrinsic evidence shows that Hall Automotive was a party to the arbitration agreement. Mem. in Supp. of Obj. at 4–6, ECF No. 36. However, the Magistrate Judge correctly reasoned that Hall Automotive was identified as a signatory to the agreement through the context and content of the agreement. R&R at 14–17, ECF No. 34. Ms. Cullen understood that she was signing the arbitration agreement as a condition of her employment, which was with Hall Automotive. *Id.* at 15. The party identified in the agreement, "MileOne", was identified on the rest of her employment paperwork as well, all of which she signed when she accepted employment with Hall Automotive. *Id.* at 16. Undisputed evidence shows that the agreement could only be discerned as an agreement between an employee and employer. Plaintiff does not object to any of Magistrate Judge's underlying factual findings, which support this conclusion.

Next, Plaintiff objects that the Parties did not mutually consent to the arbitration agreement. Mem. in Supp. of Obj. at 7–9, ECF No. 36. The Magistrate Judge has undertaken a lengthy analysis of this issue in accordance with the discovery conducted on this question. R&R at 14–18, ECF No. 34. The Court agrees that according to case law, Ms. Cullen need only have understood that her employer, Hall Automotive, was identified by reasonable certainty as a party to the arbitration agreement. *Id.* at 14. The language of the agreement indicates that aside from Ms. Cullen, the other party was her employer. *Id.* This is the case even when Hall Automotive is not

explicitly identified but instead is referred to as "The Company" throughout the agreement. *Id.* Ms. Cullen had no doubts about the entity who was her employer, as stated during her depositions. *Id.* The context surrounding her signing of the agreement, as described above, is relevant to this question as well. She knew she was signing such an agreement, along with all other employment paperwork, to create an employee-employer relationship with Hall Automotive. *Id.* The agreement can only be understood as one between employee and employer, making it enforceable by Hall Automotive.

This Court has reviewed Plaintiff's objections and the arguments presented. The Magistrate Judge relied upon appropriate standards and reviewed the evidence carefully in his evaluation of the issues presented. The Court finds no clear error in the Magistrate Judge's analysis of the evidence or consequent rulings on those issues. Accordingly, the Court will overrule the Plaintiff's objections.

## IV. CONCLUSION

For these reasons, this Court **ADOPTS** and **APPROVES** the findings of fact and recommendations set forth in the R&R. ECF No. 34. The pending Motion to Compel Arbitration and Stay Proceedings (ECF No. 25) is **GRANTED**. Plaintiff's Objections (ECF No. 35) are **OVERRULED**. The Parties must file a status report on the status of arbitration and this litigation every ninety days.

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/

Arenda L. Wright Allen
United States District Judge

April 28, 2022
Norfolk, Virginia